UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARY & PATRICIA MITCHELL                           CIVIL ACTION

VERSUS                                             NO. 09-519

STATE FARM FIRE AND CASUALTY                       SECTION "K"(2)
INSURANCE COMPANY

## ORDER AND OPINION

Before the Court is the "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 37" filed on behalf of defendant State Farm Fire and Casualty Company ("State Farm") (Doc. 16). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

BACKGROUND

Plaintiffs Gary and Patricia Mitchell filed suit against State Farm seeking damages based on their allegations that their home which State Farm insured under a homeowner's policy, sustained damages due to Hurricane Katrine, for which they had not been compensated. In June 2009 State Farm propounded interrogatories, a request for production of documents, and a supplemental request for production of documents upon plaintiffs. Without leave of court, as contemplated in L.R. 33.1E, State Farm propounded more than 25 interrogatories, counting discrete subparts. Plaintiffs failed to respond to the discovery.

Ultimately State Farm filed a Motion to Compel Plaintiffs' Responses to Interrogatories and Requests for Production of Documents (Doc. 10). Plaintiffs did not file an opposition to the motion. United States Magistrate Judge Joseph C. Wilkinson, Jr. granted State Farm's motion in part, ordering plaintiff's to respond to a reduced number of interrogatories and all requests for production

of documents within fourteen (14) days of October 14, 2009. Plaintiff did not comply with Magistrate Judge Wilkinson's order.

On December 21, 2009, State Farm filed a motion to compel plaintiffs to file responses to the Supplemental Requests for Production of Documents. Plaintiffs did not oppose that motion. On January 6, 2010, Magistrate Judge Wilkinson granted State Farm's motion to compel and ordered plaintiffs to "make all responsive documents available to defendant's counsel, no later than January 20, 2009 [sic]." Doc. 15. Plaintiffs failed to comply with Magistrate Judge Wilkinson's order.

Thereafter on February 3, 2010, State Farm filed this motion to dismiss with prejudice all of plaintiffs' claims pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs responded to State Farm's interrogatories and the requests for production identified by Magistrate Judge Wilkinson in his October 14, 2009 order. Apparently to date, plaintiffs have not responded to the Supplemental Requests for Production propounded to plaintiffs.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impost 'just' sanctions on parties who disobey a discovery order." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Dismissal of an action is one of the permissible sanctions identified in Rule 37(b)(2). However, the Fifth Circuit has "repeatedly emphasized that a dismissal with prejudice is a 'draconian' remedy, or a 'remedy of last resort.'" *Nissho-IWAI American Corporation v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). Dismissal of a case may be ordered as a sanction for violating a discovery order only when the following conditions are met: 1) when the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; 2) when the violation of the discovery order is attributable to the client, as opposed to

counsel; 3) when the non-compliant party's conduct substantially prejudices the opposing party; and 4) when a less drastic sanction would not substantially achieve the desired deterrent effect. *F.D.I.C. v. Conner*, 30 F.3d at 1380-81, citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

The requisite conditions for dismissal of the suit are not present. Even assuming that the failure to comply with the discovery orders resulted from willfulness or bad faith, these two violations of a discovery order do not establish a clear record of delay or contumacious conduct. Additionally, there is no indication in the record that the violation of the discovery orders resulted from any action or inaction on the part of the Mitchells. Nor is the Court persuaded that plaintiffs' failure to comply with the orders substantially prejudiced State Farm.

Moreover, the Court concludes that a warning will suffice to deter plaintiffs from violating any future Court orders. The Court hereby notifies both the Mitchells and all of their counsel, that sanctions will be imposed for any future violation of a Court order. Accordingly,

**IT IS ORDERED** that the "Motion to Dismiss All of Plaintiffs' Claims" filed on behalf of defendant State Farm Fire and Casualty Company (Doc. 21) is DENIED;

**IT IS FURTHER ORDERED** that plaintiff shall respond to State Farm's Supplemental Request for Production of Documents not later than **March 17, 2010.**

New Orleans, Louisiana, this 9th day of March, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE